### IDENTIFICATION BY WITNESS OF DEFENDANT IN CRIMINAL CASE.

Circuit Court of Cuyahoga County.

VINKO DURANEC·V. STATE OF OHIO.

Decided, June 8, 1908.

*Criminal Law—Evidence—Charge as to Degree of Crime.*

1. On the trial of one indicted for murder in the second degree, it is not reversible error to permit an eye witness of the shooting to testify that after the arrest of the accused he went to the police-station and. picked out the accused as the person who did the shooting, where he is able at the trial to identify the accused, and does so.
2. In such trial it is error to charge that the jury should either find the accused guilty of murder in the second degree or manslaughter or acquit him, for this excludes the two lesser offenses of assault and battery and assault alone.

*Ralph Linder*, for plaintiff in error.
*P. L. A. Lieghley*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Duranec was indicted by the grand jury of this county for the crime of murder in the second degree. Having pleaded not guilty, he was tried, the result being that he was found guilty of manslaughter. It is urged in his behalf here, that there was error in the trial manifest upon the record.

Evidence was introduced tending to show that Stanislas Wojczak died of the wound within the same month that he was shot, that being on the 19th day of March, A. D. 1908.

George A. Transue testified that he saw the plaintiff in error do the shooting; that later on the same day he was called to the police station on Broadway in this city, where some ten or fifteen

men were together in the station; that he was then asked to pick out the man whom he had seen shoot Wojczak. He was asked if he did so, and he answered: "Yes, sir, the lieutenant I think it was, asked me to pick him out, and I went in the crowd and picked out the gentleman." Upon the motion of the plaintiff in error the language "and picked out the gentleman" was excluded by the court. But immediately thereafter this question was asked: "And who did you there pick out as the one you saw fire the shot, out at the mills?" This was objected to by counsel for plaintiff in error, and the objection was overruled and the witness answered, "I picked that gentleman there out." (Indicating the plaintiff in error.)

It is said on behalf of the plaintiff in error that this ruling was not only erroneous, but that it was prejudicial to the prisoner. It is conceded, and must be, that the witness might properly answer that he saw the man who did the shooting at the police station on the same day that the shooting was done, and that that man was the prisoner then on trial. It does not follow that what the witness said at the time is admissible; indeed, the only ground on which it could be claimed that it was admissible would be, that something was said or done by the witness at the time, which called upon the prisoner to say or do something, and this does not appear to have been the case here. We, therefore, think that the fact that the witness pointed out to the police officer the plaintiff in error as the person who did the shooting was erroneously admitted, but we would not reverse the case for this alone, because it does not appear that there was any prejudice to the rights of the plaintiff in error in the answer given by the witness. The witness had already testified that the prisoner on trial, the plaintiff in error, was the man who did the shooting; that he saw him do it; that he recognized him later on the same day that the shooting was done, and no weight was added to this, by the statement that he pointed him out to the officer.

It is further complained however, that the court erred in its charge to the jury, where this language is used:

"The indictment accuses him of what is known as second degree murder, and I say to you now that there will be three verdicts submitted to you, only three. The one reads: 'We, the jury in this case being duly empannelled and sworn, do find the defendant, Vinko Duranec, guilty of murder in the second degree as charged.' And the other one reads: 'We the jury in this case, being duly empannelled and sworn do find the defendant, Vinko Duranec, guilty of manslaughter as charged.' And the third reads: 'We the jury in this case being duly empannelled and sworn, find the defendant, Vinko Duranec, not guilty.'

"I can not find in the evidence of this case any facts that would warrant my submitting any other verdicts to you. Then the defendant herein is guilty of murder in the second degree or he is guilty of manslaughter, or he should go out of this room acquitted; one of those three things, for I think it would confuse you to submit any further verdicts under the evidence in this case as it stands, and I could not intelligently submit any other verdict."

In this we hold that the court erred. There should have been submitted to the jury the question of whether the prisoner was guilty of assault and battery, or of assault, as well as the questions whether he was guilty of murder in the second degree, whether he was guilty of manslaughter, or whether he was not guilty. It is true that the court told the jury in express terms that he could not be convicted of either murder in the second degree or manslaughter, unless the evidence established beyond a reasonable doubt the several elements constituting these several offenses. ' The court properly enumerated each of these elements, and among others, was the proposition that thy must find by evidence which established the fact beyond a reasonable doubt, that the man who was shot died as the result of the wound inflicted by the shot. But it was the duty of the court to have charged, that if they should find that defendant was not guilty of murder in the second degree, or of manslaughter, they might find, if the facts warranted it, that he was guilty of assault and battery, defining that offense, or that he was guilty of assault only.

It is said that no prejudice could have come to the plaintiff in error by the omission of the court so to charge. It is further

said that, if the plaintiff in error desired to take advantage of the failure of the court to make this charge, a request should have been made for such charge.

Where the court overlooks a proposition that a party thinks should be given in charge to the jury, the proper course to pursue is to request a charge to be made in accordance with the views of the party requesting, and this for the purpose of calling the attention of the court to the proposition, and not permitting one to remain silent and allow the court, by inadvertence, to omit to charge upon some proposition to which a party might be entitled. But in this case there was no occasion to make any request on this subject for the reason that there was no omission to call the attention of the jury to this subject by inadvertence on the part of the court, or by having overlooked it. This is evidenced by the language used in the portion of the charge complained of, viz: ''The defendant herein is guilty of manslaughter, or he should go out of this room acquitted; one of those three things, for I think it would confuse you to submit further verdicts upon the evidence in this case as it stands, and I could not intelligently submit any other verdict.''

Surely, under this language of the court, it would have been idle for counsel for the prisoner to have asked the court to charge as to the right of the jury to find the prisoner guilty of either of the two lesser offenses, and one is not required to do an entirely idle thing for the protection of his rights.

Our Supreme Court has spoken on this subject in several cases, first in: *Stewart* v. *State of Ohio,* 5th Ohio, 242; *Sharp* v. *State,* 19th Ohio, 379; *Heller* v. *State,* 23 Ohio St., 582, and *Howard* v. *State,* 25 Ohio St., 399.

The syllabus in the case of *Howard* v. *State* reads:

''Under an indictment containing a count for robbery, and a a count for assault with intent to commit robbery, the defendant may be acquitted of the higher degrees of the offenses charged, and convicted of assault and battery, or of assault alone; and a refusal of the court so to instruct the jury is error, for which the judgment may be reversed.'' (*Stewart* v. *State of Ohio,* 5th Ohio, followed and approved.)

In this case the court charged that if they find the defendant neither guilty of robbery nor of assault with intent to rob, as charged in the indictment, then they should acquit the said defendant under said indictment. The court was requested to charge, that if they find the defendant, Charles Howard, not guilty of robbery as charged in the first count of the indictment, nor with assault with intent to rob, as charged in the second count of the indictment, then the jury will be warranted in finding him guilty, under said indictment, of assault and battery or of assault, if the facts in the case, in their opinions, warrant the same.

This request was refused.

In the opinion, at page 401, Judge Rex, speaking for the court, says:

"We think the court erred in refusing to charge the jury as requested, and in the instructions given."

Citing a number of authorities, the court quotes from and approves the language used in *Stewart* v. *State*, 5th Ohio, 241. That language reads: "Where an accusation for a crime of a higher nature includes an offense of a lower degree, the jury may acquit him of the graver offense and return him guilty of the less atrocious." And then Judge Rex says: "and hence, on the ground that the court could not say that the defendant might not have been prejudiced by the instruction, the judgment was reversed."

We are not able to say here the plaintiff was not prejudiced by the failure of the court to charge, that if the fact warrant it, the jury might find the prisoner guilty of an offense less than manslaughter. It is true, as has already been said, that the court properly instructed the jury as to what they must find, in order to convict of either murder in the second degree, or manslaughter, and instructed them that they must be satisfied beyond a reasonable doubt that each of the facts necessary to constitute the crime, for which the prisoner might be convicted, was established. Yet, is may be possible that the jury being satisfied beyond a reasonable doubt, as they well might be from the evi-

dence, that the prisoner shot the man whom he was accused of having shot, the evidence that the wounded man died as a result of the shot is not shown by such direct evidence as the other facts, and though we might not be warranted in saying that the death of the wounded man is shown and that such death resulted from the wound inflicted, and that the jury might be warranted in holding that these facts were shown beyond a reasonable doubt, yet we think it possible that the jury, having no doubt whatever that the prisoner shot Wojczak and that he ought to be punished therefor, might accept less evidence as to his death than they would have required, had they been permitted to find the prisoner guilty of a lesser offense. In any event, as said in the case of *Stewart* v. *State, supra,* and in *Howard* v. *State, supra,* we can not say that no prejudice resulted to the plaintiff in error because of this failure on the part of the court to charge upon the crimes of assault and battery and of assault.

Complaint is further made that the court failed to properly define to the jury the words ''reasonable doubt.'' What the court said was this:

''The text books and the decisions are full of dissertations upon what constitutes a reasonable doubt, but I have always been of the opinion, after reading all that I have been able to find on that subject, and repeatedly hearing judges charge in criminal cases that no other words make those words plainer than they themselves are. I don't know as I have ever heard anything that made it plainer than those simple words, that the evidence must be so clear and convincing that it leaves no reasonable doubt in your mind that the defendant is guilty, and there are no words in our language that make that plainer than that.''

There was no error on the part of the court in this language. We think the jury, from this language, would understand as well what was meant by the words ''reasonable doubt'' as they could well have been made to understand those words.

The result is that for failure to charge, and that under the indictment the prisoner might be found guilty of assault and battery or of assault only, if the facts warranted such finding, the judgment of the court of common pleas is reversed and the cause remanded.